868 F.2d 1277
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MOUNTAIN TRUCK & EQUIPMENT COMPANY, Plaintiff,
v.
Michael BOWERS, Defendant-Third-Party Plaintiff/Cross-Appellant,
v.
UNITED STATES of America, Third-Party Defendant/Appellant.
 No. 88-1518.
 United States Court of Appeals, Federal Circuit.
 Feb. 2, 1989.
Rehearing Denied March 1, 1989.
Suggestion for Rehearing In Banc Declined March 13, 1989.
 
 Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and MAYER, Circuit Judge.
 MAYER, Circuit Judge.
 
 DECISION
 
 1
 The judgment of the United States District Court for the District of Colorado, No. 83-Z-1688, is vacated for lack of subject matter jurisdiction, and remanded with instructions to dismiss. Costs to appellant.
 
 OPINION
 
 2
 This court has jurisdiction "to determine the subject-matter jurisdiction of the district court." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed.Cir.1987); see also Smith v. Orr, 855 F.2d 1544, 1550 (Fed.Cir.1988) (quoting C.R. Bard, Inc. v. Schwartz, 716 F.2d 874, 878 (Fed.Cir.1983)). Because the state court from which this case was transferred did not have jurisdiction, the district court also had no jurisdiction.
 
 
 3
 The United States as sovereign is immune from suit "save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941) (citations omitted). Bowers' third-party complaint against the government filed in Colorado state court was for breach of contract and fraud. The government has not consented to be sued in state court for either of these causes. By 28 U.S.C. Sec. 1346(a)(2), original jurisdiction over contract actions against the United States lies in the federal district courts, and by subsection (b) of that section, jurisdiction over tort claims against the United States is reposed exclusively in the federal district courts.
 
 
 4
 As amended in 1986, 28 U.S.C. Sec. 1441(e) now permits a federal court to hear a claim even if the state court from which it was removed did not have jurisdiction. This is inapplicable to suits filed in state court prior to the date of the amendment, and consequently is inapplicable to this case, which was filed in 1983. See Pub.L. 99-336 Sec. 3(b) ("The amendment made by this section shall apply with respect to claims in civil actions commenced in State courts on or after the date of the enactment of this section"). The jurisdiction of the district court was therefore wholly derivative of that of the Colorado state court. Arizona v. Manypenny, 451 U.S. 232, 242 & n. 17 (1981); Minnesota v. United States, 305 U.S. 382, 389 (1939). Because the state court was without jurisdiction, the district court acquired no jurisdiction upon removal.
 
 
 5
 Bowers' suggestion that the government should be estopped from raising this issue at this late date is wholly untenable: "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings." Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee, 456 U.S. 694, 702 (1982) (citations omitted).
 
 
 6
 Bowers' further contention that the issue is really one of personal jurisdiction over the United States as a party, rather than subject matter jurisdiction, and that the government waived the issue upon petitioning for removal, is equally unavailing: "The fact that the removal was effected on petition of the United States and the stipulation of its attorney in relation thereto are facts without legal significance. Where jurisdiction has not been conferred by Congress, no officer of the United States has power to give to any court jurisdiction of a suit against the United States." Minnesota, 305 U.S. at 388.